No. 13,984.

J. W. FRELLSON VS. STRADER CYPRESS COMPANY, LIMITED. SAMUEL H. TAFFT, INTERVENOR.

### SYLLABUS.

Plaintiff brought suit on a claim of one thousand dollars and alleging the amount to be secured by vendor's privilege, caused a sequestration to issue under which a lot of lumber was seized. A third party intervened in the suit, claiming ownership of the property and denying the existence of a privilege thereon. The property was delivered to him on a forthcoming bond. Judgment was rendered against the plaintiff in favor of the defendant and also in favor of the intervenor against the plaintiff; the latter appealed to the Court of Appeal from the judgment on the main demand, and to the Supreme Court from that on the intervention. The Supreme Court postponed action on the appeal before it, until the issue on the main demand should have been finally adjudicated in the Court of Appeal.

APPEAL from the Twenty-fifth Judicial District, Parish of Tangipahoa—*Reid, J.*

Plaintiff, in his petition, alleged that the defendant company was indebted to him in the sum of one thousand dollars for this:—

That in March, 1900, he made a contract with one H. E. Carroll and William Hart, stockholders and officers of said corporation, whereby the said corporation should cut, float out, and carry to the mills of said company at Strader, La., all of the available timber on certain described land in the Parish of St. John the Baptist, the defendant to pay petitioner at the rate of two dollars per thousand, board measure, and settlements to be made on the 15th day of each month, after said timber was floated to the mill, and that partial settlements were made by said defendants, through Carroll and Hart, from time to time, down to about June 1st, 1900, but that according to the measurements and estimates of said defendant, there was due to petitioner on June 15th, payment for sixty-seven thousand, nine hundred and seventy-nine feet, board measure; and on July 15th settlements for eighty-six thousand, four hundred and thirty-two feet; and on August 15th, settlement for two lots, consisting of one hundred and seventeen thousand one hundred and thirty-five feet, and seven thousand and

fifty-two feet, respectively, making a total of three hundred and forty-eight thousand, five hundred and ninety-eight feet, board measure, according to the scale sheets made at said mills and under the authority of said defendant, all of which was converted into lumber by defendant and piled in their lumber yard at said mill. That in addition to the above the defendants had deadened, cut and removed from the land of petitioner, for converting into lumber, one hundred and fifty thousand feet of timber, for which no scale sheets had been made or furnished to petitioner, and that the defendant then owed petitioner, according to scale sheet and for timber not yet scaled, the sum of one thousand dollars.

That he had a lien and privilege as vendor upon said timber in the hands of defendant, and that he feared that defendant would conceal, part with, or dispose of said movables in its possession during the pending of the suit, and send the same out of the jurisdiction of the court, and that he was entitled to have the same sequestered. He prayed for a citation on the defendant company and for judgment against it for one thousand dollars, with legal interest from August 15, 1900, with recognition of a vendor's privilege on the same property to secure payment of said amount and for a writ under which the said property would be sequestered, and for general relief.

The writ was ordered to issue as prayed for and the same was executed by the sheriff by sequestering two lots of lumber, one of which was valued by him at five hundred dollars and the other not exceeding fifteen hundred dollars. The defendant was cited and for answer pleaded the general issue. It prayed that the suit of the plaintiff be dismissed.

Samuel H. Tafft, a resident of Ohio, intervened in the suit. He averred that the plaintiff had, in said suit, prayed for and obtained a writ of sequestration against the defendant corporation, alleging an indebtedness due by it to him, and had sequestered, seized and taken possession, through the sheriff, a lot of lumber and timber lying in the yards of the defendant corporation, property belonging to him, the intervenor. That he individually purchased said property for his own account, paying value therefor, from the defendant company and that actual delivery of the same was made to him through a special representative appointed for that purpose, who continued to hold the same for him. That said purchases were made by him during the months

of May, June, July, August and September, 1900, and the amounts were paid by him to the defendant company, he holding bills of sales therefor. That the plaintiff had no lien nor privilege upon said lumber seized and sequestered, and the seizure should be released.

That he had been damaged in the sequestration in the sum of five hundred dollars. That the property sequestered was worth two thousand and fifty dollars. He prayed that after due proceedings there be judgment dismissing said sequestration and releasing his property and a further judgment in his favor against plaintiff for the sum of five hundred dollars.

Intervenor, in his petition, prayed to be permitted by the court to bond the property upon his furnishing bond placing the value of one of the lots of timber at $2,050.00 and the other at $400.00. What action was taken upon this petition does not appear in the transcript.

Plaintiff answered the petition of intervention. After pleading the general issue he averred that the pretended title set up by intervenor was a sham and a simulation and was tainted with fraud, for this— that intervenor was ever and had been since the organization of the defendant company the president thereof and a member of the Board of Directors thereof, together with H. E. Carroll, Wm. Hart and John A. Bruce, the remaining members of said Board, according to the charter thereof, and that as president he was by law clothed and charged with the duties and responsibilities of his office, and was charged with the full knowledge of the affairs of said corporation, and that his relation to said corporation and the affairs thereof, and to the creditors and stockholders thereof was purely fiduciary and that he was estopped by law and by equity from acquiring title from said corporation, adversely to its creditors and stockholders to lumber manufactured or sawed by said company from logs sold to it and that he, as president, was charged with full knowledge of the fact that the lumber sequestered had never been paid for and that defendant had a vendor's lien and privilege thereon; that he was estopped legally and equitably from denying that he the respondent in intervention, from whose lands the timber had been cut, had by law a vendor's privilege on the same. These estoppels he specially pleaded. He specially denied that the intervenor had paid one cent to the defendant corporation as the pretended purchase price of the lumber sequestered, and that any unlawful or actual delivery was ever made by the defendant

corporation to him, and he averred that the sequestration of the lumber by the sheriff in the yards and possession of the defendant corporation was evidence of and a badge of fraud in the pretended title to intervenor to said lumber.

He averred that Henry E. Carroll and William Hart, two of the said four directors of said corporation, having been the negotiators with him for the contract for cutting and sawing logs from respondent's lands, and having made the terms of payment, and being charged with notice of all the matters of said contract with him, each of them as a director of defendant company was estopped to act in fraud of his rights in the making of any bill of sale, title to or muniment of title to the lumber sequestered to the intervenor, and that he averred that all of said parties, as directors, were fully advised and informed, and each of them well knew and were estopped legally and equitably from denying that plaintiff, from whose lands the lumber was cut, by law a vendor's privilege on the same, he charging them with full knowledge of the fact that the lumber sequestered had never been paid for, and that plaintiff, from whose lands the lumber had been cut, had a vendor's privilege thereon.

He averred that intervenor and John A. Bruce, vice-president of defendant company, were residents of Ohio. He denied that intervenor had suffered any damage from the sequestration. He prayed that the intervention be dismissed, that the sequestration be maintained, and that he have judgment against the intervenor and the surety on his bond and against the defendant as prayed for, and for full and general relief.

The defendant corporation filed a supplemental and amended answer in which it averred that it confirmed its original general denial and specially averred that it purchased the lumber which had been seized in the case from Carroll and Hart; that it had paid for the same and then sold it to the intervenor.

Assuming the position of plaintiff in reconvention, it averred that the sequestration which had been issued was illegal, wrongful, unwarranted, tortious and illegal, and that it had been damaged by the same to an amount of $850; it prayed that plaintiff's demand be rejected and that it recover judgment in reconvention for the sum of $850.

The District Court rendered judgment in favor of the defendant and intervenor and against the plaintiff, dissolving the sequestration

which had issued in the cause, and decreeing the intervenor, S. H. Tafft, to be the owner of the lumber seized and sequestered; that intervenor's claim for damages be reserved and that plaintiff pay all costs.

Plaintiff appealed to the Court of Appeal for the Fourth Circuit from the judgment against him in favor of the defendant and to the Supreme Court from the judgment against him in favor of the intervenor.

The defendant company moved in the Supreme Court to amend the judgment by either granting it a judgment for damages, as claimed by it in its supplemental answer, or by reserving its right to claim such damages hereafter by an independent suit.

*Girault Farrar* and *Bolivar E. Kemp,* for Plaintiff, Appellant.

*Lazarus & Luce,* and *S. D. Ellis,* for Defendant, and Intervenor, Appellees.

The opinion of the court was delivered by

NICHOLLS, C. J. Until the issues raised between the plaintiff and the defendant are finally determined in the Court of Appeal, those between the plaintiff and the intervenor must rest in abeyance, for plaintiff's legal interest in inquiring into the relations between the Cypress Lumber Company and Samuel H. Taft is dependent upon his having a legal personal claim against that company and a vendor's privilege upon the lumber which has been sequestered. He appears in this court with a judgment adverse to him as between himself and the defendant. A trial in this court, with that judgment standing unreserved, would have necessarily to be affirmed. The amount involved as between the plaintiff and the defendant carried the former's appeal to that court. We think that justice requires that we should stay proceedings in this branch of the case until that now before the Court of Appeals should be disposed of since an affirmance by the Court of Appeals of the judgment of the District Court might effectually dispose of the whole matter.

For the reasons assigned, it is hereby ordered, adjudged and decreed, that an adjudication of the issues herein between the plaintiff and the intervenor be postponed until after those between the plaintiff and the Cypress Lumber Company have been finally passed upon in the Court of Appeals and this court is further advised in the premises.

Rehearing refused.